## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**BERNADINE WILLIAMS**

                                               **CIVIL ACTION**

**v.**

                                          **NO. 23-268-JWD-RLB**

**DELTA ZETA SORORITY, ET AL.**

## RULING AND ORDER

This matter comes before the Court on *Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* ("*Motion to Dismiss*") (Doc. 15) filed by Defendants Delta Zeta Sorority, Delta Zeta Sorority National Housing Corporation, Sigma Chapter of Delta Zeta House Corporation, and Suzette Say (collectively "Defendants"). Plaintiff Bernadine Williams ("Plaintiff" or "Williams") opposes the motion. (Doc. 21.) Defendants have filed a reply. (Doc. 22.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' *Motion to Dismiss* is granted.

## I. RELEVANT FACTUAL BACKGROUND

This action arises from the alleged racial employment discrimination suffered by Williams while working as a House Chef at the Sigma Chapter of Delta Zeta House Corporation ("Delta Zeta house"). The following factual allegations are primarily taken from Plaintiff's *Complaint*, (Doc. 2).

On August 17, 2020, Williams began working for College Fresh as a Round Chef at the Alpha Phi Fraternity House on Louisiana State University's ("LSU" 's) campus. (*Complaint*, Doc. 2, ¶ 10.) However, on August 28, 2020, College Fresh promoted Williams to House Chef of the Delta Zeta house on LSU's campus. (*Id.* ¶ 11.) During her first year at the Delta Zeta house, Williams worked under a Caucasian Food Coordinator, Debbie. (*Id.* ¶ 12.) Debbie was responsible

for providing Williams with recipes to cook for the Sorority Sisters and also approved or denied menus that Williams created. (*Id.*) Debbie consistently gave Williams positive reviews and ratings in regard to the food Williams cooked for the Sorority Sisters. (*Id.* ¶ 13.)

In October of 2021, Suzette Say, a Caucasian woman, replaced Debbie as the Food Coordinator at the Delta Zeta house. (*Id.* ¶ 14.) During their first interaction, Say allegedly questioned Williams's chef skills and qualifications and also stated that she did not agree with certain food items that Williams cooked. (*Id.* ¶ 15.) After this interaction, Say allegedly no longer met with Williams and ignored Williams around the Delta Zeta house. (*Id.* ¶ 18.) Ultimately, in November of 2021, Say allegedly made a comment in front of Williams and several Sorority Sisters that she would prefer if Delta Zeta had a Caucasian chef. (*Id.* ¶ 19.)

Following these events, Williams filed a grievance with the President of Delta Zeta, to no avail. (*Id.* ¶ 20.) Williams also informed College Fresh of this grievance, and College Fresh told Williams that they could not help her. (*Id.* ¶ 22.) Thereafter, on December 28, 2021, College Fresh informed Williams that she would no longer be working at the Delta Zeta house and that she would no longer be a House Chef. (*Id.* ¶ 27.) As such, College Fresh demoted Williams to a Round Chef, which was a serious reduction in hours worked and pay. (*Id.*) Say's alleged negative behavior and Williams's demotion created such a hostile work environment for Williams that Williams filed three separate incident reports with College Fresh. (*Id.* ¶ 24.) College Fresh ultimately responded to these incident reports on February 23, 2022, claiming that the appropriate actions had been taken to ensure that the conduct would not repeat itself. (*Id.* ¶ 25.)

On September 20, 2022, Williams filed a lawsuit against Defendants, alleging violations of Title VII, Section 703(a)(1) of the Civil Rights Act of 1964 as well as 42 U.S.C. § 1983. (*Id.* ¶¶ 30–31.) However, Williams failed to file a charge with the Equal Employment Opportunity

Commission ("EEOC") before seeking a remedy in federal court. (Doc. 7-1 at 2.) Accordingly, Williams voluntarily dismissed her lawsuit and proceeded with her charge before the EEOC. (*Id.*) The EEOC issued a right-to-sue letter on January 3, 2023. (*Id.*) Williams filed her current lawsuit on April 11, 2023. (*Complaint*, Doc. 2.)

In response, Defendants filed a *Motion to Dismiss*. (Doc. 15.) Specifically, Defendants claim that Plaintiff's *Complaint* is "devoid of any plausible assertion that Defendants are the employer of Plaintiff, as required for a Title VII claim. Additionally, the *Complaint* does not assert that Defendants are 'state actors' within the meaning of Section 1983, which is required for a Section 1983 claim." (Doc. 15-2 at 2 (alteration in original).) Williams filed an opposition, claiming that her *Complaint* should not be dismissed because Defendants were all her joint employers. (*See* Doc. 21-1 at 4.) Defendants replied to Williams's opposition, urging that (1) Williams admitted Suzette Say is not her employer; (2) the Delta Zeta Sorority, Delta Zeta Sorority National Housing Corporation, and Sigma Chapter of Delta Zeta House Corporation (collectively the "DZ entities") are not joint employers of Williams; and (3) Williams has not stated a claim against Defendants under 42 U.S.C. § 1983. (Doc. 22 at 2, 5.)

## II. RELEVANT STANDARDS

### A. Waiver

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)); *see also JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (citing *United States v. Skilling*, 554 F.3d 529, 568 n.63 (5th Cir. 2009); *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir.

2010) (noting that it is "not enough to merely mention or allude to a legal theory")) (stating that "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases' " and holding that because appellant "fail[ed] to do either with regard to its underlying claims, . . . those claims [were] inadequately briefed and therefore waived"); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (Defendant's failure to offer any "arguments or explanation . . . is a failure to brief and constitutes waiver.").

 "By analogy, failure to brief an argument in the district court waives that argument in that court." *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp. 2d at 748 n.10); *see also United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) (citing *United States v. Dominguez–Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008) ("Dominguez has failed to adequately raise or develop his due process and equal protection arguments in his appellate brief, and, thus, they are waived.")) ("This failure to develop the relevant argument effectively represents a waiver of the point."); *El–Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones."); *see also Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

### B. Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (alteration in original) (quoting *Twombly*, 550 U.S. at 555). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The Court does "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678)). "[A] claim is plausible if it is supported by 'enough fact[s] to raise a

5

reasonable expectation that discovery will reveal evidence of [the alleged misconduct].' " *Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

Additionally, "[i]n determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted). Court documents are matters of which this Court has taken judicial notice. *See Frampton v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 21-362, 2022 WL 90238, at *6 n.67 (M.D. La. Jan. 7, 2022) (deGravelles, J.) (citing *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, No. 18-517, 2020 WL 448231, at *8 (M.D. La. Jan. 28, 2020) (deGravelles, J.); *Duncan v. Heinrich*, 591 B.R. 652, 655 n.2 (M.D. La. 2018) (deGravelles, J.)) (taking judicial notice of Court document as matter of public record in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)).

## III. DISCUSSION

### A. 42 U.S.C. § 1983 Claim

#### 1. *Parties' Arguments*

Defendants argue that Plaintiff's 42 U.S.C. § 1983 claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because she cannot assert a § 1983 claim against private entities. (Doc. 15-2 at 6.) "Claims under Section 1983 must allege a deprivation of constitutional rights by a state actor and do not apply to employment discrimination claims against a private employer." (*Id.*) Further, "[t]he United States Supreme Court explains 'the under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how

6

discriminatory or wrongful . . . ." ' " (*Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).)

According to Defendants, Plaintiff has not, and cannot, allege that Defendants are state actors. (*Id.*) As such, Defendants contend that Plaintiff has no cognizable claim under § 1983, and thus her claim should be dismissed with prejudice. (*Id.*)

Plaintiff does not address Defendants' arguments regarding Plaintiff's § 1983 claim in her opposition. (*See* Doc. 21.)

Finally, in their *Reply Memorandum in Support of its Motion to Dismiss*, Defendants state, "Plaintiff has not alleged that Defendants are state actors and has not rebutted this argument in her Opposition. Pursuant to FRCP 12(b)(6), Plaintiff's Section 1983 claims against all Defendants should be dismissed with prejudice." (Doc. 22 at 5.)

### 2. *Applicable Law*

Conduct allegedly causing the deprivation of a constitutional right protected against infringement by a state actor must be fairly attributable to the State. *Lugar v. Edmonston Oil Co.*, 457 U.S. 922, 923–24 (1982). In determining the question of "fair attribution," (a) the deprivation must be caused by the exercise of some right or privilege created by the State, by a rule of conduct imposed by the State, or by a person for whom it is responsible; and (b) the party charged with the deprivation must be a person who may fairly be said to be a state actor, either because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. *Id.* Further, the United States Supreme Court has explained that "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful . . . .' " *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. 40 at 50.

### 3. *Analysis*

Having carefully considered the law and the allegations of the *Complaint*, the Court agrees with Defendants. Claims under § 1983 must allege a deprivation of a constitutional right by a state actor and do not apply to employment discrimination claims against a private employer. *Lugar*, 457 U.S. at 923. Likewise, Plaintiff has failed to address Defendants' argument that they are not state actors. (*See* Doc. 21; *see also* Doc. 21-1.)

On grounds of waiver alone, the Court could dismiss Plaintiff's claim. *See Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (citing *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (finding that operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments)). But, even if the Court were to consider the allegations of the *Complaint* as being in opposition to the motion to dismiss, the Court would reject these arguments. The extent to which Plaintiff addresses her § 1983 claim in the *Complaint* is as follows: "Defendants violated . . . § 1983 [] by discriminating and creating a hostile work environment against Bernadine Williams, on the basis of her race and national origin, through employment discrimination." (*Complaint*, Doc. 2, ¶ 1.) Plaintiff does not at any point allege facts to support a finding that Defendants are state actors as required by § 1983. Even construing the facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has not alleged sufficient facts to survive a Rule 12(b)(6) Motion to Dismiss. For these reasons, Plaintiff's § 1983 claim against Defendants is dismissed.

**B. Title VII Claim**

*1. Parties' Arguments*

Defendants argue that Plaintiff's Title VII claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because she has not, and cannot, allege that Defendants were her Title VII "employers." (Doc. 15-2 at 4–6.) Defendants explain that it is "unlawful for *employers* to partake in unlawful employment practices, including discrimination against an individual based upon the individual's race, color, religion, sex, or national origin." (*Id.* at 4.) "As the plain language of the statute sets forth, and as the interpreting jurisprudence provides, a defendant must fall within the definition of the plaintiff's 'employer' in order to impose liability pursuant to Title VII." (*Id.*) According to Defendants, Plaintiff has not alleged any facts that would support a finding that Defendants are her employer. (*Id.*)

For example, Plaintiff only discusses her employment with College Fresh in her *Complaint*. (*Id.* at 5.) Specifically, Plaintiff "references College Fresh's employee handbook with respect to" her claims. (*Id.*) Plaintiff "also asserts that it was College Fresh, not Defendants, that informed Plaintiff she would no longer be working at the Sigma Chapter of Delta Zeta House Corporation." (*Id.*) Plaintiff further alleges that "she worked for College Fresh, 'at, among other places, Sigma chapter of Delta Zeta House Corporation.' " (*Id.* (quoting *Complaint*, Doc. 2, ¶ 3).) Thus, Defendants contend that Plaintiff did not assert that Defendants were her "employer" under Title VII or that she was Defendants' "employee" under Title VII. (*Id.*) Defendants ultimately argue that Plaintiff did "not attempt to characterize Plaintiff's relationship with Defendants as an employment relationship under Title VII . . . because she cannot." (*Id.* at 6.) As such, Defendants maintain that Plaintiff's Title VII claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*)

Plaintiff responds by arguing that Defendants are her joint employers under Title VII. (Doc. 21-1 at 4.) Plaintiff claims that under Title VII, the term "employer" is liberally construed. (*Id.* (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 403 (5th Cir. 1983)).) According to Plaintiff, the term "joint employer" refers to two or more employers that are not sufficiently related to be considered a single employer but that each exercises sufficient control of an individual to qualify as his employer. (*Id.* (citing *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 928 (5th Cir. 2021)).) Further, Plaintiff contends that the Fifth Circuit utilizes the following factors in determining whether entities are joint employers: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. (*Id.* at 5 (citing *Trevino*, 710 F.2d at 404).)

According to Plaintiff, Defendants, excluding Suzette Say, are all joint employers because they "had the right to control when, where and how Plaintiff performed her job as well as determining the hours Plaintiff worked." (*Id.* at 7.) Defendants also allegedly assigned Plaintiff all her tasks and directly supervised Plaintiff. (*Id.*) Plaintiff states, "The work that Plaintiff did was an integral part of said Defendants['] mission to feed said Defendants' Sorority Sisters, some of whom lived in Defendants' Sorority House, on Louisiana State University's campus." (*Id.*) Further, Plaintiff also filed a grievance with the President of Delta Zeta. (*Id.*) Plaintiff argues that "it is clear that Plaintiff was an employee of said Defendants since College Fresh admitted that it did not have procedures in place to address 'hostile work environments' caused by other companies to which College Fresh sent its employees." (*Id.*) As such, Plaintiff argues that her *Complaint* should not be dismissed because Defendants were her joint employers. (*Id.*)

Defendants respond by noting that Plaintiff's opposition concedes that Defendant Say is not an employer of Plaintiff. (Doc. 22 at 2.) This is fatal to Plaintiff's claim because Title VII

10

claims are only cognizable against employers. (*Id.*) Accordingly, Defendants argue that Plaintiff's Title VII claim against Defendant Say must be dismissed with prejudice. (*Id.*)

Further, Defendants argue that the remaining Defendants, the DZ entities, are likewise not employers or joint employers of Plaintiff. (*Id.*) Defendants assert that Plaintiff's opposition fails to point to any factual allegations in the *Complaint* or otherwise that would support a finding of a joint employment relationship. (*Id.*)

Further, Defendants claim that the allegations in Plaintiff's *Complaint* indicate that College Fresh was Plaintiff's only employer. (*Id.* at 3.) Plaintiff's opposition added two new conclusory allegations that are found nowhere in the *Complaint*: (1) the DZ entities had the right to control Plaintiff's job performance; and (2) the DZ entities assigned tasks and supervised the Plaintiff. (*Id.* at 4.) Defendants argue that these allegations should bear no weight in evaluating this *Motion to Dismiss* because they are not found in the *Complaint*. (*Id.*) Defendants conclude by stating, "The Complaint is devoid of any factual allegations that would support a finding that the DZ Entities were the employer or joint employer of Plaintiff. Instead, the Complaint indicates that College Fresh alone was Plaintiff's employer." (*Id.* at 5.)

### 2. *Applicable Law*

Title VII provides that "[i]t shall be an unlawful employment practice for an employer. . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The basic premise of a Title VII case is that the plaintiff had an employment relationship with the defendant. *See Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007).

Further, the Fifth Circuit has defined joint employer as "two or more employers that are unrelated or that are not sufficiently related to qualify as an integrated enterprise, but that each exercise sufficient control of an individual to qualify as [his] employer." *Perry*, 990 F.3d at 928 (quoting EEOC Compliance Manual, Covered Parties § 2-III(B)(1)(a)(iii)(b) (EEOCCM), 2009 WL 2966755).

To determine whether an entity exercises enough control over an individual to qualify as his employer, the Fifth Circuit applies a "hybrid economic realities/common law control test." *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993) (quoting *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990) (per curiam), *cert. denied*, 498 U.S. 1026 (1991)). The right to control the employee's conduct is the most important component of determining a joint employer. *Id*. at 119 (citing *Fields*, 906 F.2d at 1019). When examining the control component, we focus on the right to hire and fire, the right to supervise, and the right to set the employee's work schedule. *Id.* (citing *Fields*, 906 F.2d at 1020; *Mares v. Marsh*, 777 F.2d 1066, 1068 (5th Cir. 1985)). The economic-realities component of the hybrid economic realities/common law control test focuses on who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. *Id.* (citing *Mares*, 777 F.2d at 1068).

### 3.   *Analysis*

#### a.   Defendant Suzette Say

As to Suzette Say, Plaintiff states, "[I]t is clear that said Defendants who filed the instant Motion to Dismiss, excluding Defendant Suzette Say, were employers of the Plaintiff." (Doc. 21-1 at 7.) Thus, Plaintiff has conceded that Defendant Suzette Say was not Plaintiff's employer.

Because Title VII requires an employment relationship between Plaintiff and Defendant, the Title VII claim against Suzette Say is hereby dismissed.

### b.   DZ Entities

As explained above, to determine whether an entity exercises enough control over an individual to qualify as his employer, the Fifth Circuit applies a "hybrid economic realities/common law control test." *Deal*, 5 F.3d at 118–19 (internal quotations omitted) (quoting *Fields*, 906 F.2d at 1019). Construing the allegations of the *Complaint* in a way most favorable to Plaintiff, the Court finds that Plaintiff has not alleged sufficient facts to support a finding that Defendants are her joint employers.

Examining first the right to control element, the Court focuses on the right to hire and fire, the right to supervise, and the right to set the employee's work schedule. According to Plaintiff's *Complaint*, College Fresh moved Plaintiff to the Delta Zeta house and informed her that she would no longer be working at the Sigma Chapter of Delta Zeta House Corporation and was being demoted to a Round Chef. (*Complaint*, Doc. 2, ¶ 27.) Thus, Plaintiff does not allege facts supporting her argument that Defendants exercised the right to control; instead, she alleges that College Fresh had the right to control. A division of this Court granted summary judgment on a Title VII claim in 2021, finding that plaintiffs failed to provide any evidence demonstrating that defendant maintained sufficient control over plaintiffs as to be considered a joint employer. *See Vidrine v. Broome*, No. 18-538, 2021 WL 1206590 (M.D. La. Mar. 30, 2021).

Further, addressing the economic-realities component of the "hybrid economic realities/common law control test," the Court focuses on who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. Plaintiff does not allege that Defendants paid her salary, withheld taxes, or provided benefits. Moreover, by noting that it

was College Fresh who moved Plaintiff from the Delta Zeta house and demoted her to Round Chef, Plaintiff indicates that College Fresh, rather than Defendants, set the terms and conditions of her employment.

Finally, Plaintiff, in her opposition, alleges in a conclusory manner that Defendants were joint employers. (*See* Doc. 21-1 at 7.) Plaintiff states, "Defendants had the right to control when, where and how Plaintiff performed her job as well as determining the hours Plaintiff worked. Said Defendants also assigned [Plaintiff] all her tasks and directly supervised the Plaintiff." (*Id.*) Plaintiff does not allege facts supporting a finding of these claims, and it is well established that the Court does "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.' " *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

Additionally, "[i]n determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted). Therefore, even if Plaintiff would have alleged sufficient facts in her opposition to support a finding that Defendants were her joint employer, the Court would not be permitted to consider these facts when ruling on this *Motion to Dismiss*.

Having carefully considered the matter, the Court finds that Plaintiff has failed to plausibly allege the above-mentioned elements with respect to the allegation that Defendants are Plaintiff's joint employer. Therefore, Plaintiff has not sufficiently pled the employer status of Defendants as

14

required under Title VII, and accordingly, Defendant's *Motion to Dismiss* as to this claim is granted.

## IV. LEAVE TO AMEND

"Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). "[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1995). In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., the court said:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

313 F.3d 305, 329 (5th Cir. 2002). Further:

> As the numerous case[s] ... make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

*JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 642 (M.D. La. 2018) (deGravelles, J.) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016)).

Thus, the Court will, in accordance with wise judicial practice, allow Plaintiff leave to amend her *Complaint* to cure the above deficiencies, if she can do so. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 519 (M.D. La. 2021) (deGravelles, J.) (citing, *inter alia*, *Fetty v. La. State Bd. of Private Sec. Exam'rs*, 611 F. Supp. 3d 230, 250 (M.D. La. 2020) (deGravelles, J.)). However, Plaintiff's counsel is reminded of his obligations under Federal Rule of Civil Procedure 11(b).

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that *Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Doc. 15) filed by Defendants Delta Zeta Sorority, Delta Zeta Sorority National Housing Corporation, Sigma Chapter of Delta Zeta House Corporation, and Suzette Say is **GRANTED**, and those claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-eight (28) days from the Court's ruling on *Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Doc. 15) in which to cure the above deficiencies if same can, in good faith, be cured. If Plaintiff fails to do so, all remaining deficient claims will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>March 26, 2024</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

16