UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BERNADINE WILLIAMS**

**v.**

**CIVIL ACTION**

**NO. 23-268-JWD-RLB**

**DELTA ZETA SORORITY, ET AL.**

## RULING AND ORDER

This matter comes before the Court on the *Defendant College Fresh's Motion to Dismiss* (Doc. 7) filed by Defendant College Fresh ("College Fresh" or "Defendant"). Plaintiff Bernadine Williams ("Plaintiff" or "Williams") opposes the motion. (Doc. 13.) College Fresh has filed a reply. (Doc. 14.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's *Motion to Dismiss* is granted.

### I.  RELEVANT FACTUAL AND PROCEDURAL HISTORY

This action arises from the alleged racial employment discrimination suffered by Williams while working as a House Chef at the Sigma Chapter of Delta Zeta House Corporation ("Delta Zeta house"). The following factual allegations are primarily taken from Plaintiff's *Complaint*, (Doc. 2).

On August 17, 2020, Williams began working for College Fresh as a Round Chef at the Alpha Phi Fraternity House on Louisiana State University's ("LSU" 's) campus. (*Complaint*, Doc. 2, ¶ 10.)  However, on August 28, 2020, College Fresh promoted Williams to House Chef of the Delta Zeta house on LSU's campus. (*Id.* ¶ 11.) During her first year at the Delta Zeta house, Williams worked under a Caucasian Food Coordinator, Debbie. (*Id.* ¶ 12.) Debbie was responsible for providing Williams with recipes to cook for the Sorority Sisters and also approved or denied

menus that Williams created. (*Id.*) Debbie consistently gave Williams positive reviews and ratings in regard to the food Williams cooked for the Sorority Sisters. (*Id.* ¶ 13.)

In October of 2021, Suzette Say, a Caucasian woman, replaced Debbie as the Food Coordinator at the Delta Zeta house. (*Id.* ¶ 14.) During their first interaction, Say allegedly questioned Williams's chef skills and qualifications and also stated that she did not agree with certain food items that Williams cooked. (*Id.* ¶ 15.) After this interaction, Say allegedly no longer met with Williams and ignored Williams around the Delta Zeta house. (*Id.* ¶ 18.) Ultimately, in November of 2021, Say allegedly made a comment in front of Williams and several Sorority Sisters that she would prefer if Delta Zeta had a Caucasian chef. (*Id.* ¶ 19.)

Following these events, Williams filed a grievance with the President of Delta Zeta, to no avail. (*Id.* ¶ 20.) Williams also informed College Fresh of this grievance, and College Fresh told Williams that they could not help her. (*Id.* ¶ 22.) Thereafter, on December 28, 2021, College Fresh informed Williams that she would no longer be working at the Delta Zeta house and that she would no longer be a House Chef. (*Id.* ¶ 27.) As such, College Fresh demoted Williams to a Round Chef, which was a serious reduction in hours worked and pay. (*Id.*) Say's alleged negative behavior and Williams's demotion created such a hostile work environment for Williams that Williams filed three separate incident reports with College Fresh. (*Id.* ¶ 24.) College Fresh ultimately responded to these incident reports on February 23, 2022, claiming that the appropriate actions had been taken to ensure that the conduct would not repeat itself. (*Id.* ¶ 25.)

On September 20, 2022, Williams filed a lawsuit against Defendants, alleging violations of Title VII, Section 703(a)(1) of the Civil Rights Act of 1964 as well as 42 U.S.C. § 1983. (*Id.* ¶¶ 30–31.) However, Williams failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") before seeking a remedy in federal court. (Doc. 7-1 at 2.) Accordingly,

2

Williams voluntarily dismissed her lawsuit and proceeded with her charge before the EEOC. (*Id.*) The EEOC issued a right-to-sue letter on January 3, 2023. (*Id.*) Williams filed her current lawsuit on April 11, 2023. (*Complaint*, Doc. 2.)

In response, College Fresh filed the present *Motion to Dismiss* pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) Specifically, College Fresh claims that Williams's suit should be dismissed because her Title VII claim is time barred and she cannot assert a § 1983 claim against a private entity. (Doc. 7-1 at 3.) Williams filed an opposition, claiming that her *Complaint* contains a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief" per Federal Rule of Civil Procedure 8(a)(2). (Doc. 13-1 at 2.) College Fresh replied to Williams's opposition, again stating that Williams's Title VII claim is time barred and that she cannot assert a § 1983 claim against a private entity. (Doc. 14 at 1–2.)

Defendants submitted Plaintiff's EEOC right-to-sue letter into the record on March 18, 2024, which indicates that the letter was issued on January 3, 2023. (Doc. 29-1.) Thereafter, Plaintiff submitted a notice stating that her attorney "has reviewed his file in this case and has no evidentiary proof of the date that Attorney Jim Holt received the Right to Sue letter for Plaintiff Bernadine Williams." (Doc. 31.)

## II.   RULE 12(b)(6) STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

3

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (alteration in original) (quoting *Twombly*, 550 U.S. at 555). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The Court does "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.' " *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' " *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.' " *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678)). "[A] claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct].' " *Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

Additionally, "[i]n determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc.*

4

*v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted). Court documents are matters of which this Court has taken judicial notice. *See Frampton v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 21-362, 2022 WL 90238, at *6 n.67 (M.D. La. Jan. 7, 2022) (deGravelles, J.) (citing *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, No. 18-517, 2020 WL 448231, at *8 (M.D. La. Jan. 28, 2020) (deGravelles, J.); *Duncan v. Heinrich*, 591 B.R. 652, 655 n.2 (M.D. La. 2018) (deGravelles, J.)) (taking judicial notice of Court document as matter of public record in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)).

### III. DISCUSSION

#### A. Parties' Arguments

Defendant argues that Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because her Title VII claim is time barred and she cannot assert a § 1983 claim against a private entity. (Doc. 7-1 at 3). In regard to Plaintiff's Title VII claim, Defendant explains that a "Title VII claim[] must be filed within 90 days of the plaintiff's receipt of the right to sue notice provided by the EEOC." (*Id.* at 2 (citing 41 U.S.C. §2000e-5(f)(1)).) "The 90-day period 'begins to run on the date [that] the EEOC right-to-sue is delivered to the offices of formally designated counsel or [to] the claimant.' " (*Id.* at 3 (quoting *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986)).) In the instant matter, according to Defendant, the EEOC issued its right-to-sue letter on January 3, 2023. (*Id.*) Defendant explains that the "EEOC uploads the letter to its portal and notifies all parties, including all counsel of record, by email of this activity on the same day it issues the letter." (*Id.*) Accordingly, Plaintiff had until April 3, 2023, to file her lawsuit. (*Id.*) Instead, Plaintiff's counsel filed her *Complaint* on April 11, 2023, which Defendant states "is 98 days after the EEOC issued its right-to-sue letter, and eight days after the period allowed to file

5

suit in federal court expired." (*Id.*) As such, Defendant contends that Plaintiff's Title VII claim is untimely and must be dismissed. (*Id.*)

Regarding Plaintiff's § 1983 claim, Defendant argues that it also must be dismissed because a § 1983 claim "must allege a deprivation of constitutional rights *by a state actor* and does not apply to employment discrimination claims brought against a private employer." (*Id.*) According to Defendant, "the under-color-of law element is not triggered when a private employer makes an employment decision." (*Id.*) Further, Defendant argues that Plaintiff has not, and cannot, allege that College Fresh is a state actor. (*Id.*) Defendant contends that it "is a private entity incorporated under the laws of the State of Illinois, not a Louisiana state agency." (*Id.*) "Employing a chef on a college campus does not transform College Fresh into a state actor just like Starbucks is not a state actor by simply having a coffee stand in the same location." (*Id.* at 3–4.) Therefore, Defendant contends that there is no cognizable § 1983 claim against it, and Plaintiff's claim should be dismissed according to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 4.)

Plaintiff opposes Defendant's Rule 12(b)(6) arguments. (Doc. 13-1.) Plaintiff argues that even if Defendant is not a state actor, the *Complaint* should not be dismissed because Defendant violated Title VII "by discriminating and creating a hostile work environment against the Plaintiff, on the basis of her race and national origin, through employment discrimination." (*Id.* at 3.) Therefore, even if 42 U.S.C. § 1983 is stricken from Plaintiff's *Complaint*, Plaintiff urges that the *Complaint* should not be dismissed because it still contains "a short and plain statement of the claim showing that the pleader is entitled to relief." (*Id.* at 4 (quoting Fed. R. Civ. P. 8(a)(2)).) Additionally, Plaintiff contends that she brought her attorney the right-to-sue letter on January 9, 2023, so this is the date used for the purpose of filing said *Complaint.* (*Id.*)

6

Defendant replied to Plaintiff's opposition. (Doc. 14.) Defendant again states that Plaintiff's Title VII claim is time barred. (*Id.* at 1.) According to Defendant, "Federal law clearly states that the 90-day period 'begins to run on the date [that] the EEOC's right-to-sue letter is delivered to the offices of formally designated counsel or [to] the claimant,' not when a claimant brings the notice to their attorney." (*Id.* (quoting *Ringgold*, 796 F.2d at 770).) Defendant argues that, according to the "mailbox rule," the right-to-sue was likely "delivered" on January 3, 2023, when the EEOC emailed Plaintiff's attorney the right-to-sue letter. (*Id.* at 1–2.) Even if the Plaintiff did not bring the right-to-sue letter to her attorney until January 9, 2023, "this suggests that she and her attorney received it (by electronic mail and regular mail) before that date." (*Id.* at 2.) Ultimately, Defendant contends that Plaintiff's Title VII claim is time barred because she filed her lawsuit on April 11, 2023, which is more than 90 days after she received the right-to-sue letter. (*Id.*)

Defendant also addressed Plaintiff's § 1983 claim in its reply. (*Id.*) According to Defendant, "Plaintiff still fails to state a claim upon which relief may be granted." (*Id.*) "She advances nothing suggesting that College Fresh should be considered a state actor." (*Id.*) As previously mentioned, Defendant argues that a private entity is not a state actor simply by operating on a state college campus. (*Id.*) "Since Plaintiff alleges nothing in her Complaint – or her response to this motion – indicating that College Fresh is a state actor, her §1983 claim fails and must be dismissed with prejudice." (*Id.*)

### B. Law and Analysis

Having carefully considered the matter, the Court will grant Defendant's motion in full.

### *1. 42 U.S.C. § 1983 Claim*

Having carefully considered the law and the allegations in the *Complaint*, the Court agrees with Defendant that Plaintiff's 42 U.S.C. § 1983 claim must be dismissed against College Fresh, a private entity. (Doc 7-1 at 3.) Claims under § 1983 must allege a deprivation of a constitutional right by a state actor and do not apply to employment discrimination claims against a private employer. *Lugar v. Edmonson Oil Co. Inc.*, 457 U.S. 922, 923 (1982).

Likewise, Plaintiff has failed to rebut Defendant's argument that it is not a state actor. (*See* Doc. 13-1.) Rather, Plaintiff essentially concedes Defendant's position that her § 1983 claim is without merit by stating "even if 42 U.S.C. 1983 is stricken from Plaintiff's Complaint, said Complaint should not be dismissed, by this Honorable Court, because it still contains 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " (*Id.* at 4 (quoting Fed. R. Civ. P. 8(a)(2)).) This does not address the merits of Defendant's argument.

Thus, Plaintiff has failed to meaningfully oppose or respond to the substance of Defendant's Rule 12(b)(6) argument, and as such, Plaintiff has waived any opposition she may have had. The Fifth Circuit has made clear that when a party does not adequately address an issue in their brief to the district court, that failure constitutes waiver. *See Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021), (deGravelles, J.), *aff'd*, No. 21-30440, 2022 WL 3097846 (5th Cir. Aug. 3, 2022) (collecting authorities on waiver). On grounds of waiver alone, the Court could dismiss Plaintiff's claim. *See Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (citing *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (finding

8

that operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments)).

Even if the Court were to consider the allegations of the *Complaint* as being an opposition to the *Motion to Dismiss*, the Court would reject these arguments. The extent to which Plaintiff addresses her § 1983 claim in the *Complaint* is as follows: "Defendants violated . . . § 1983 [] by discriminating and creating a hostile work environment against Bernadine Williams, on the basis of her race and national origin, through employment discrimination." (*Complaint*, Doc. 2, ¶ 1.) Plaintiff does not at any point allege that Defendant is or was a state actor as required by § 1983. Plaintiff did not explain how Defendant was either a state official, an entity that acted with or has obtained significant aid from state officials, or an entity whose conduct is otherwise chargeable to the State. Rather, Plaintiff simply stated she was working for College Fresh on LSU's campus. (*Id.* ¶ 10.) Therefore, even construing the facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has not alleged sufficient facts to survive a Rule 12(b)(6) Motion to Dismiss. For these reasons, Plaintiff's § 1983 claim against Defendant is dismissed without prejudice.

### 2. Time Bar

Regarding Defendant's position that Plaintiff's *Complaint* is time barred, the Fifth Circuit Court of Appeal's rationale in *Taylor v. Books A Million, Inc.* provides some guidance:

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir.1996). Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e–5(f)(1) (1994)). This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *See* [*Ringgold*, 796 F.2d at 770]; *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir.1985). Courts within this Circuit have repeatedly dismissed cases in which

9

> the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Butler v. Orleans Parish School Board*, No. Civ. A. 00–0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where pro se plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses).

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).

According to Defendant, Plaintiff was required to file her lawsuit within ninety days of receiving her right-to-sue letter, and this ninety-day period began to run from the date that the EEOC issued the right-to-sue letter. (Doc. 7-1 at 3.) Various federal courts have held that the ninety-day time limitation begins to run on the day that the attorney and plaintiff receive the EEOC's email, as this constitutes "notice." *See, e.g.*, *Paniconi v. Abington Hospital-Jefferson Health*, 604 F. Supp. 3d 290, 293 (E.D. Pa. 2022) (rejecting the plaintiff's contention that plaintiff received her right-to-sue letter three days after the EEOC emailed it to her); *Moses v. Home Depot, Inc.*, No. 16-2400, 2017 WL 2784710, at *6 (D.N.J. June 27, 2017) ("[T]he date the e-mail message was received in Plaintiff's inbox" with the right-to-sue letter "is the date of receipt."). As such, Defendants contend that Plaintiff's ninety-day time limit began to run on January 3, 2023, when the EEOC's right-to-sue letter was supposedly received and lapsed on April 3, 2023. (Doc. 7-1 at 3.)

Defendants submitted the notice of the right-to-sue letter from the EEOC into evidence on March 18, 2024, which indicates that the letter was issued on January 3, 2023. (Doc. 29-1.) The only information Plaintiff provides is that she brought the right-to-sue letter to her attorney on January 9, 2023. (Doc. 13-1 at 4.) Additionally, Plaintiffs submitted a notice stating that Plaintiff's attorney "has reviewed his file in this case and has no evidentiary proof of the date that Attorney Jim Holt received the Right to Sue letter for Plaintiff Bernadine Williams." (Doc. 31.)

10

The 90-day period "begins to run on the date that the EEOC right-to-sue is delivered to the offices of formally designated counsel or to the claimant." *Ringgold*, 796 F.2d at 770. Whether the EEOC issued its right-to-sue letter by electronic mail or by regular mail on January 3, 2023, jurisprudence indicates that Plaintiff's claim would be time barred regardless, as the date of suit in either event would fall outside of the 90-day period to sue. *See Paniconi*, 604 F. Supp. 3d at 293 (noting that when the date of receipt of a right-to-sue letter is unknown or in dispute, "courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it . . .").

Further, even if this Court were to use the date Plaintiff gave the letter to her attorney, January 9, 2023, as the date the 90-day period began to run, the claim would nonetheless be time barred. Plaintiff filed suit on April 11, 2023, which would make January 9, 2023, two days outside of the 90-day period to sue. Therefore, even construing the facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has not alleged sufficient facts for her EEOC claim to survive a Rule 12(b)(6) Motion to Dismiss. For these reasons, Plaintiff's Title VII claim is dismissed with prejudice.

### IV.  LEAVE TO AMEND

"Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). "[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1995). In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, the court said:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts

> often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

313 F.3d 305, 329 (5th Cir. 2002). Further:

> As the numerous case[s] ... make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

*JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 642 (M.D. La. 2018) (deGravelles, J.) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016)).

Thus, the Court will, in accordance with wise judicial practice, allow Plaintiff leave to amend her *Complaint* to cure the above deficiencies, if she can do so. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 519 (M.D. La. 2021) (deGravelles, J.) (citing, *inter alia*, *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, 611 F. Supp. 3d 230, 250 (M.D. La. 2020) (deGravelles, J.)).

While Plaintiff is given leave to amend her 42 U.S.C. § 1983 claim, the Court must emphasize Plaintiff counsel's Rule 11 obligations. It does not appear to the Court at this time as though any amendment can cure these deficiencies. However, the Court is giving leave to amend in order to afford Plaintiff every opportunity to state a viable claim. But, if the Court finds that an

amendment is brought in bad faith, or that there is not a good faith basis in law or fact for same, then the Court will consider an award of sanctions, including attorney's fees.

V. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that *Defendant College Fresh's Motion to Dismiss* (Doc. 7) is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's Title VII claim is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-eight (28) days from the Court's ruling on the *Defendant College Fresh's Motion to Dismiss* (Doc. 7) in which to cure the above deficiencies regarding her 42 U.S.C. § 1983 claim if same can, in good faith, be cured. If Plaintiff fails to do so, all remaining deficient claims will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on March 27, 2024.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**